TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
NICOLE R. LEIBOW
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6552
Fax: (702) 388-6787
Nicole.Leibow@usdoj.gov

*Attorneys for the Federal Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Alejandro "Alex" Nunez,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>United States Department of Commerce,<br><br>　　　　Defendant. | Case No. 2:25-cv-01392-CDS-BNW<br><br>**Federal Defendant's Proposed Discovery Plan and Scheduling Order**<br><br>**(Special Scheduling Review Requested)** |

Under Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Defendant the United States Department of Commerce ("Federal Defendant) submits its proposed discovery plan and scheduling order. Federal Defendant respectfully requests an 180-day discovery period starting from the date of Federal Defendant's Answer to Plaintiff's Complaint (January 30, 2026), rather than Federal Defendant's first appearance in the case.

This requested change, the reasons for it, and the proposed schedule are set forth in more detail below. Deadlines that fall on Saturdays, Sundays, or legal holidays have been adjusted to the next day that is not a Saturday, Sunday, or legal holiday per Federal Rule of Civil of Procedure 6(a)(1)(C).

On February 20, 2026, the parties had their Fed. R. Civ. P. 26(f) conference via telephone. On February 19, 2026, counsel for the Federal Defendant emailed a proposed stipulated discovery plan and scheduling order to Plaintiff, Mr. Nunez, for his review in anticipation of the 26(f) conference. On February 20, 2026, Mr. Nunez responded to

undersigned defense counsel that he could not agree to the proposed timeline. Mr. Nunez requested significant changes to the discovery deadlines, which Federal Defendant would not agree to, necessitating the filing of this proposed discovery plan including a statement of each party's position on each point in dispute.

1.     Initial Disclosures. The parties will serve initial disclosures by **March 6, 2026,** which is 14 days after Rule 26(f) conference.

2.     Close of Discovery.

**Plaintiff's position:** Plaintiff disagrees with the proposed 180-day discovery period and proposes instead a 30-day discovery period, with discovery closing on **May 15, 2026**.

Justification:

- This case previously underwent full administrative investigation, including a report of investigation ("ROI"), witness statements, and documentary evidence.

- The issues are narrow and primarily document-based, involving assignment of work, comparator data, and Plaintiff's regarded-as disability claim.

- Plaintiff does not anticipate depositions.

- A shortened discovery period is proportional to the needs of the case under Rule 26(b)(1).

**Federal Defendant's position:** Plaintiff, Mr. Nunez, brings this suit asserting claims for alleged disability, discrimination under the Rehabilitation Act, the American with Disabilities Act, and Title VII of the Civil Rights Act. ECF No. 2. Federal Defendant anticipates needing additional time to complete discovery in this case, as multiple depositions may be necessary. For this reason, Federal Defendant proposes a 180-day discovery period running from the date of filing of Defendant's Answer to Plaintiff's Amended Complaint, with discovery closing on **July 29, 2026**.

3.     Amending the Pleadings and Adding Parties.

**Plaintiff's Position:** Plaintiff disagrees with the proposed **April 30, 2026**, deadline, and proposes instead a deadline of **March 30, 2026.**

Justification:

-The pleadings and parties are already established. No additional parties are anticipated.

**Federal Defendant's Position:** Motions to amend the pleadings or to add parties must be filed by **April 30, 2026**, which is 90 days before the close of discovery.

    4.    Expert Disclosures.

**Plaintiff's position**: Plaintiff disagrees with Federal Defendant's proposed respective deadlines of **June 1, 2026**, for expert disclosures, and **July 1, 2026**, for rebuttal expert disclosures, but has not proposed alternatives to these dates.

Justification:

- Plaintiff does not anticipate retaining expert witnesses and proposes that expert disclosure deadlines be vacated unless either party later seeks leave of court.

- The claims concern employment records, workload assignments, comparator data, and administrative documentation. Expert testimony is not necessary.

**Federal Defendant's Position**: Disclosures of experts shall be made 60 days before the discovery cut-off date, or by **June 1, 2026**. Disclosure of rebuttal experts must be made 30 days after the initial disclosure of experts, or by **July 1, 2026.**

    5.    Dispositive Motions.

**Plaintiff's position:** Plaintiff disagrees with Federal Defendant's proposed deadline of **August 28, 2026**, and offers instead a deadline of **June 15, 2026.**

Justification:

- The deadline reflects Plaintiff's request for a 30-day discovery period.

**Federal Defendant's position:** Dispositive motions must be filed by **August 28, 2026**, which is 30 days after the close of discovery.

    6.    Pretrial Order.

**Plaintiff's position:** Plaintiff disagrees with Federal Defendant's proposed deadline of **September 28, 2026**, and proposes a deadline of **July 15, 2026.**

Justification:

- Plaintiff's deadline aligns with an expedited and proportional schedule.

- Plaintiff believes this proposed timeline is reasonable, efficient, and consistent with the Court's prior ruling limiting delay in this case.

**Federal Defendant's Position:** The parties' joint pretrial order is due **September 28, 2026**, which is 30 days after the dispositive-motion deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

7.    Rule 26(a)(3) Disclosures. The disclosures required by Federal Rule Civil Procedure 26(a)(3) and any objections to them will be included in the parties' joint pretrial order.

8.    Alternative Dispute Resolution. The parties have considered resolution and the possibility of using alternative dispute-resolution processes, and the parties may revisit these options as the case proceeds.

9.    Alternative Forms of Case Disposition. The parties have considered trial by a magistrate judge and the short trial program, and the parties may revisit these options as the case proceeds.

10.    Electronic Evidence.  The Parties anticipate their initial, supplemental, and responsive production of materials will be in .pdf and/or paper formats. These productions may be served by electronic means. Plaintiff understands that Federal Defendant's productions of electronic files, including .pdfs, must typically be made via encrypted means, e.g., an encrypted disc, with a password provided separately, or use the of the United States' cloud-based file exchange portal, "USAfx." Should any technical difficulties arise with these encrypted means, counsel will make good faith efforts to meet, confer, and resolve the difficulties.

4

Respectfully submitted this 6th day of March 2026.

/s/ Alex Nunez                                  SIGAL CHATTAH
ALEJANDRO "ALEX" NUNEZ        First Assistant United States Attorney
6921 Kepler Drive, Unit C
Las Vegas, NV 89156                       /s/ Nicole Leibow
Pro se Plaintiff                                   NICOLE R. LEIBOW
                                                         Assistant United States Attorney
                                                         Attorneys for the Federal Defendant

## ORDER

Having considered both parties' positions, this Court finds a 180-day discovery period, measured from the date Defendants answered the complaint, appropriate as it most closely aligns with the standard discovery period under Local Rule 26-1. The deadlines will be as follows:

Amending the pleadings: April 30, 2026
Discovery close: July 29, 2026
Expert disclosures: June 1, 2026
Rebuttal disclosures: July 1, 2026
Dispositive motions: August 28, 2026
Joint pretrial order: September 28, 2026, or 30 days after a decision on dispositive motion(s).

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** March 10, 2026

5